# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: AUSSEM IRON, LLC | § | Case No. 11-34099 |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under Chapter 7 of the United States Bankruptcy Code was filed on August 20, 2011.  The undersigned trustee was appointed on September 20, 2011.

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the Trustee's acquisition & disposition of all property of the estate is attached as **Exhibit A.**

4.  The trustee realized the gross receipts of          $          9,900.15

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 8.03 |
| Bank service fees | 250.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]          $ | 9,642.12 |

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6.  The deadline for filing  non-governmental claims in this case was 03/05/2012 and the deadline for filing governmental claims was 03/05/2012.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C** .

7. The Trustee's proposed distribution is attached as **Exhibit D** .

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,740.02.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,736.80, for a total compensation of $1,736.80.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 11/05/2012            By:/s/NORMAN NEWMAN
                                      Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

**Aussem Iron – Exhibit "A"**

### Trustee's Acquisition Disposition of Property of the Estate

The Debtor filed its Chapter 7 case on August 20, 2011.  Itasca Bank & Trust Co. (the "Bank"), held a security interest against Debtor's assets to secure a claim in the approximate amount of $450,000.00.  On July 1, 2011, about two months before filing its Chapter 7 case, the Debtor entered into an Assignment of Accounts Receivable, Equipment & Possession Agreement with the Bank.

At the Section 341 meeting held in this case, the Trustee determined that the Debtor owned certain trucks which were surrendered to the Bank as part of the Assignment agreement. Three of the trucks were subject to liens held by Ford Motor Credit Company.  The other three trucks were owned free and clear of liens by the Debtor.  Prior to the filing of the Debtor's Chapter 7 case, the Bank satisfied liens owning to Ford Motor Credit Company on the trucks and received assignments of title.  Prepetition, the Bank made arrangements to sell all of the Debtor's assets, including the trucks, in an auction sale which had yet to be scheduled at the time of the filing of Debtor's Chapter 7 case.

The Trustee took the position that although all of the trucks had been turned over to the Bank, the Bank did not hold a lien on three of the trucks and the Bank's claim against those vehicles that it acquired by way of an assignment from Ford Motor Credit Company should be limited to the amount of Ford Motor Credit Company's outstanding loan balance.

The Trustee and the Bank reached an agreement, which was approved by the Court, providing for an auction sale to proceed with the understanding that the Trustee would receive all amounts from the sale of the trucks in excess of the amount the Bank paid to Ford Motor Credit Company, less a pro rata share of the auctioneer's commission.  The Trustee received a total of $9,900.00 as his share of the sale proceeds.

3672251_1.doc

Exhibit A

Page: 1

# Form 1

## Individual Estate Property Record and Report

## Asset Cases

| | |
|---|---|
| **Case Number:** 11-34099 | **Trustee:** (330560) NORMAN NEWMAN |
| **Case Name:** AUSSEM IRON, LLC | **Filed (f) or Converted (c):** 08/20/11 (f) |
| | **§341(a) Meeting Date:** 09/20/11 |
| **Period Ending:** 11/05/12 | **Claims Bar Date:** 03/05/12 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| **Ref. #** | **Asset Description** (Scheduled And Unscheduled (u) Property) | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) DA=§554(c) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 1 | Petty Cash | 0.00 | 0.00 | DA | 0.00 | FA |
| 2 | Checking Account - Itasca Bank & Trust | 0.00 | 0.00 | DA | 0.00 | FA |
| 3 | Trade Receivables | 300,000.00 | 300,000.00 | DA | 0.00 | FA |
| 4 | 2008 Ford Welder Miller Trailblazer Surrendered to Lender | 12,000.00 | 12,000.00 | DA | 0.00 | FA |
| 5 | 2008 Ford F450 Welder Miller Trailblazer Surrendered to Lender | 12,000.00 | 12,000.00 | DA | 0.00 | FA |
| 6 | 2002 GMC Pick Up Welder Miller Trailblazer | 7,000.00 | 7,000.00 | | 5,150.00 | FA |
| 7 | 2005 Ford F150 | 5,000.00 | 5,000.00 | | 3,750.00 | FA |
| 8 | Ford F-450 Welder Trailblazer 302 Surrendered to Lender. | 5,000.00 | 5,000.00 | DA | 0.00 | FA |
| 9 | GMAC 3500 Pick up | 1,000.00 | 1,000.00 | | 1,000.00 | FA |
| 10 | Miller Big Blue 400 D Surrendered to Lender. | 10,000.00 | 10,000.00 | DA | 0.00 | FA |
| 11 | Kawasaki Prairie 360 Surrendered to Lender. | 3,500.00 | 3,500.00 | DA | 0.00 | FA |
| 12 | 2008 Ford F450 Surrendered to Lender | 14,000.00 | 14,000.00 | DA | 0.00 | FA |
| 13 | Miscelaneous Office Equipment | 750.00 | 750.00 | DA | 0.00 | FA |
| 14 | Machinery - 1 ton Roust-a-bout | 1,000.00 | 1,000.00 | DA | 0.00 | FA |
| 15 | Storage Container | 0.00 | 0.00 | DA | 0.00 | FA |
| 16 | Machinery - 2 Ton Roust-a-bout | 2,000.00 | 2,000.00 | DA | 0.00 | FA |
| 17 | Miscelaneous Supplies, hand tools, etc. | 10,000.00 | 10,000.00 | DA | 0.00 | FA |
| Int | INTEREST  (u) | Unknown | N/A | | 0.15 | Unknown |
| 18 | **Assets    Totals (Excluding unknown values)** | **$383,250.00** | **$383,250.00** | | **$9,900.15** | **$0.00** |

**Major Activities Affecting Case Closing:**

Sold vehicles at auction sale.  Awaiting claims bar date.

Exhibit A

Page: 2

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Case Number: 11-34099

Case Name: AUSSEM IRON, LLC

Period Ending: 11/05/12

Trustee:          (330560)    NORMAN NEWMAN

Filed (f) or Converted (c):    08/20/11 (f)

§341(a) Meeting Date:    09/20/11

Claims Bar Date:    03/05/12

| 1<br><br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br><br>Petition/<br>Unscheduled<br>Values | 3<br><br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br><br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br><br>Sale/Funds<br>Received by<br>the Estate | 6<br><br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

Initial Projected Date Of Final Report (TFR):    October 31, 2012          Current Projected Date Of Final Report (TFR):    October 31, 2012

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

| | |
|---|---|
| Case Number: | 11-34099 |
| Case Name: | AUSSEM IRON, LLC |
| Taxpayer ID #: | **-***4794 |
| Period Ending: | 11/05/12 |

| | |
|---|---|
| Trustee: | NORMAN NEWMAN (330560) |
| Bank Name: | The Bank of New York Mellon |
| Account: | 9200-******03-65 - Checking Account |
| Blanket Bond: | $5,000,000.00  (per case limit) |
| Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref#} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 12/02/11 | | Auction Consultants, Inc. | Sell of three vehicles | | 9,900.00 | | 9,900.00 |
| | {9} | | 1,000.00 | 1129-000 | | | 9,900.00 |
| | {7} | | 3,750.00 | 1129-000 | | | 9,900.00 |
| | {6} | | 5,150.00 | 1129-000 | | | 9,900.00 |
| 12/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.07 | | 9,900.07 |
| 12/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,875.07 |
| 01/31/12 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.08 | | 9,875.15 |
| 01/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,850.15 |
| 02/07/12 | 1001 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/07/2012 FOR CASE #11-34099, Bond#016026455 | 2300-000 | | 8.03 | 9,842.12 |
| 02/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,817.12 |
| 03/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,792.12 |
| 04/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,767.12 |
| 05/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,742.12 |
| 06/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,717.12 |
| 07/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,692.12 |
| 08/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,667.12 |
| 09/28/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 9,642.12 |

| | | | |
|---|---|---|---|
| ACCOUNT TOTALS | | 9,900.15 | 258.03 | $9,642.12 |
| Less: Bank Transfers | 0.00 | 0.00 | |
| Subtotal | 9,900.15 | 258.03 | |
| Less: Payments to Debtors | | 0.00 | |
| NET Receipts / Disbursements | $9,900.15 | $258.03 | |

| | |
|---|---|
| Net Receipts : | 9,900.15 |
| Net Estate : | $9,900.15 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # 9200-******03-65 | 9,900.15 | 258.03 | 9,642.12 |
| | $9,900.15 | $258.03 | $9,642.12 |

{} Asset reference(s)

Printed: 11/05/2012 03:48 PM     V.13.04

# Claims Proposed Distribution

## Case:   11-34099   AUSSEM IRON, LLC

Report Includes ONLY Claims with a Proposed Distribution

| **Case Balance:** | $9,642.12 | **Total Proposed Payment:** | $9,642.12 | **Remaining Balance:** | $0.00 |
|---|---|---|---|---|---|

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| A | Norman B. Newman, Trustee | Admin Ch. 7 | 1,740.02 | 1,740.02 | 0.00 | 1,740.02 | 1,736.80 | 7,905.32 |
|  | <2100-00   Trustee Compensation> | | | | | | | |
| MS-E | Much Shelist, P.C. | Admin Ch. 7 | 6.50 | 6.50 | 0.00 | 6.50 | 6.49 | 7,898.83 |
|  | <3120-00   Attorney for Trustee Expenses (Trustee Firm)> | | | | | | | |
| MS-F | Much Shelist, P.C. | Admin Ch. 7 | 7,913.50 | 7,913.50 | 0.00 | 7,913.50 | 7,898.83 | 0.00 |
|  | <3110-00   Attorney for Trustee Fees (Trustee Firm)> | | | | | | | |
| **SUBTOTAL FOR   ADMIN CH. 7** | | | **9,660.02** | **9,660.02** | **0.00** | **9,660.02** | **9,642.12** | |
|  | **Total for Case 11-34099 :** | | **$9,660.02** | **$9,660.02** | **$0.00** | **$9,660.02** | **$9,642.12** | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| **Total Administrative Claims :** | $9,660.02 | $9,660.02 | $0.00 | $9,642.12 | 99.814700% |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-34099
Case Name: AUSSEM IRON, LLC
Trustee Name: NORMAN NEWMAN

**Balance on hand:**      $     9,642.12

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | | None | | | |

Total to be paid to secured creditors:    $    0.00
Remaining balance:    $    9,642.12

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Norman B. Newman, Trustee | 1,740.02 | 0.00 | 1,736.80 |
| Attorney for Trustee, Fees - Much Shelist, P.C. | 7,913.50 | 0.00 | 7,898.83 |
| Attorney for Trustee, Expenses - Much Shelist, P.C. | 6.50 | 0.00 | 6.49 |

Total to be paid for chapter 7 administration expenses:    $    9,642.12
Remaining balance:    $    0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| | None | | |

Total to be paid for prior chapter administrative expenses:    $    0.00
Remaining balance:    $    0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $276,057.46 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1P | Illinois Department of Employment Security | 21,285.05 | 0.00 | 0.00 |
| 2P | Dept of the Treasury | 250,092.76 | 0.00 | 0.00 |
| 7P | Illinois Department of Revenue | 4,679.65 | 0.00 | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

|  |  |  |  |
|---|---|---|---|
| Total to be paid for priority claims: | | $ | 0.00 |
| Remaining balance: | | $ | 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 125,886.23 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1U | Illinois Department of Employment Security | 410.00 | 0.00 | 0.00 |
| 2U | Dept of the Treasury | 69,143.50 | 0.00 | 0.00 |
| 3 | Airgas North Central | 1,939.72 | 0.00 | 0.00 |
| 4 | Itasca Bank & Trust Co. | 1,362.12 | 0.00 | 0.00 |
| 5 | Fastenal | 231.67 | 0.00 | 0.00 |
| 6 | BT Enterprises, LLC | 12,600.00 | 0.00 | 0.00 |
| 7U | Illinois Department of Revenue | 1,702.49 | 0.00 | 0.00 |
| 8 | First Insurance Funding Corp | 38,496.73 | 0.00 | 0.00 |

|  |  |  |  |
|---|---|---|---|
| Total to be paid for timely general unsecured claims: | | $ | 0.00 |
| Remaining balance: | | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 2,734.95 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 9 | HD Supply Construction Supply Ltd | 2,734.95 | 0.00 | 0.00 |

|  |  |  |  |
|---|---|---|---|
| Total to be paid for tardy general unsecured claims: | | $ | 0.00 |
| Remaining balance: | | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $                    0.00

Remaining balance:                     $                    0.00